IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE DIAZ CERDA,

        Plaintiff,

v.                                                                             Case No. 19-1111-JWB

CILLESSEN & SONS, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Cillessen & Sons, Inc.'s motion to dismiss. (Doc. 18.) The motion is fully briefed and is ripe for decision. (Docs. 19, 24, 28.) Defendant's motion is DENIED IN PART and GRANTED IN PART for the reasons stated herein.

I. **Facts and Procedural History**

The facts set forth herein are taken from the allegations set forth in the amended complaint. (Doc. 9.) Plaintiff began employment with Defendant in January 2014. His employment ended in September 2018. During his employment, Plaintiff worked as a part of a crew during road construction projects. Plaintiff's primary duties consisted of performing manual labor. Plaintiff never received a written job description from Defendant regarding his job duties. Prior to July 2018, Plaintiff's job performance was satisfactory. Plaintiff alleges that he regularly worked more than forty hours per work and was not paid overtime for hours worked in excess of forty hours in a work week.

Plaintiff alleges that he suffers from diabetes. On July 13, 2018, Defendant believed that Plaintiff needed medical attention after suffering some sort of cerebrovascular accident, likely a

1

stroke, which affected Plaintiff's speech. Plaintiff received inpatient care after this event. Plaintiff missed work for at least three consecutive days and he received treatment from his health care providers on at least two occasions during a thirty day period. Defendant was aware of Plaintiff's medical condition. Plaintiff was released from the hospital on July 15. Plaintiff was not provided any documents regarding the Family and Medical Leave Act ("FMLA"). Plaintiff was on medical leave after July 13 but it was not designated for FMLA leave.

On July 27, Defendant requested that Plaintiff provide documentation from his physician that cleared him to return to work. Defendant also required that its president be present during Plaintiff's appointment with his physician. On July 31, Plaintiff's physician stated that that Plaintiff was able to return to work without any restrictions. Defendant, however, refused to allow Plaintiff to return to work. Defendant also allegedly refused to provide accommodations due to Plaintiff's diabetes and his speech impairment from his stroke. Plaintiff's amended complaint, however, does not indicate what accommodations were necessary for Plaintiff to perform his job.

On September 20, 2018, Plaintiff filed a charge of discrimination with the Kansas Human Rights Commission. (Doc. 19, Exh. A.)[1] Plaintiff's charge states that Defendant instructed Plaintiff to take time off of work after Plaintiff looked ill. Plaintiff took off work at Defendant's instruction and then Defendant refused to allow Plaintiff to return to work even though his physician cleared him to return to work. Plaintiff stated that he learned that he was terminated on

---

[1] A court may consider a document that is referred to in the complaint and central to a parties' claim as long as the authenticity of the document is not in dispute. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The KHRC charge was referred to in the amended complaint. (Doc. 9 at 2.) Plaintiff does not dispute the authenticity of the document. Therefore, the court may consider the KHRC charge without converting this motion to a motion for summary judgment. *Id.* Defendant also attached other documents from the Equal Employment Opportunity Commission's ("EEOC") investigation and a letter from Defendant. These documents are not referenced in the amended complaint and Defendant makes no argument regarding how the documents are central to Plaintiff's claim. Therefore, the court has not considered Defendant's exhibits B, C, and D in deciding this motion.

September 10, 2018. Plaintiff was provided a right to sue letter and filed his original complaint within 90 days of receiving the right to sue letter.

Plaintiff timely filed an amended complaint against Defendant alleging claims under the Americans with Disabilities Act ("ADA"), the FMLA, and the Fair Labor Standards Act ("FLSA"). (Doc. 9.) Plaintiff alleges that he was discriminated against in violation of the ADA, retaliated against in violation of the ADA and FMLA, that Defendant interfered with his rights under the FMLA, and violated the FLSA by failing to pay him overtime. Defendant moves to dismiss Plaintiff's amended complaint for failure to state a claim. (Doc. 18.)

**II. Standard**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Analysis**

**A. ADA Discrimination**

Plaintiff has alleged a claim of discrimination in violation of the ADA. Defendant moves for dismissal on the basis that Plaintiff has failed to establish a prima facie case of discrimination. In order to state a plausible claim, Plaintiff must show that (1) he is disabled as that term is defined under the ADA; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) he was discriminated against because of his disability.

*Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1172 (D. Kan. 2017). Although Defendant challenges the first two elements, the court will proceed to the second element as Plaintiff's allegations do not support a finding that he is qualified, with or without reasonable accommodation, to perform the essential functions of his job.

"In any disability-discrimination claim, the plaintiff must show that he is able to perform the essential functions of his job." *Adair v. City of Muskogee*, 823 F.3d 1297, 1307 (10th Cir. 2016). "Where a plaintiff is unable to perform the essential functions of his job, the plaintiff must show that the employer could accommodate his disability and that such an accommodation would be reasonable." *Id.* at 1311 (citation omitted). If Plaintiff asserts that he is qualified with a reasonable accommodation, Plaintiff must "describe" the accommodation. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Plaintiff's amended complaint makes several allegations regarding accommodations. Plaintiff alleges that "Defendant refused to make any job accommodation," "refused to attempt to accommodate the Plaintiff[]," "failed to address any accommodation," and "refused to grant Plaintiff a reasonable accommodation." (Doc. 9 at 7-9.) Plaintiff also alleges that "Defendant refused to attempt to accommodate the Plaintiff's regarded disability in order for Plaintiff to perform his job or for his employment." (Doc. 9 at 8.) At no point, however, does Plaintiff allege what accommodations are necessary nor allege any facts showing that the proposed accommodations are reasonable. Plaintiff further alleges that "Plaintiff was a qualified individual with a disability able to perform his job with an accommodation." (Doc. 9 at 9.) Two pages later, Plaintiff alleges that he "was able to perform the essential functions of his job with or without an accommodation." (Doc. 9 at 11.) Not only is this confusing and contradictory, it is also conclusory. Because Plaintiff has failed to identify any facts that allege what accommodation was necessary and any facts that would support that Plaintiff could perform

4

the essential functions of his job, Plaintiff has failed to state a plausible claim of discrimination under the ADA. *Adair*, 823 F.3d at 1307; *White*, 45 F.3d at 360.

Therefore, Defendant's motion to dismiss this claim is granted.

**B. ADA Retaliation**

Defendant moves for dismissal of Plaintiff's ADA retaliation claim on the basis that the facts do not state a claim. To prove a claim of ADA retaliation, Plaintiff must show that "(1) he engaged in a protected activity; (2) he was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action." *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999) (internal quotations omitted). Plaintiff does not need to show that "he suffers from an actual disability." *Id.* at 1186 (quoting *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir. 2001)). Plaintiff has satisfied the second element as he has alleged that he was constructively discharged from employment. Defendant argues that Plaintiff has not sufficiently alleged that he engaged in protected activity. Protected activity includes a range of activity from "filing formal charges to complaining informally to supervisors." *Medina v. Income Support Div., New Mexico*, 413 F.3d 1131, 1136 (10th Cir. 2005).

Plaintiff claims his protected activity included refusing to allow the "Company President in the physician meetings." (Doc. 24 at 6.) Plaintiff, however, does not allege that he told Defendant that its actions were discriminatory in violation of the ADA. "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the [statute.]" *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008) (ADEA); *Anderson v. Academy*

5

*School Dist. 20*, 122 F. App'x. 912, 916 (10th Cir. 2004) (a "vague reference to discrimination and harassment without any indication that [it] was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim"); *Taher v. Wichita State University*, 526 F. Supp.2d 1203, 1221 (D. Kan. 2007).

There is also no indication that Plaintiff believed that this conduct violated the ADA at the time it occurred. Plaintiff's refusal to his employer does not rise to the level of protected activity under the ADA. Rather, the allegations are that Plaintiff just refused to allow his employer to be present at a meeting with his physician. This does not show that Plaintiff believed that his opposition to Defendant's request was protected under the ADA nor are there any allegations that Plaintiff told Defendant that such a request was prohibited by the ADA. *See Conrad v. Bd. of Johnson Cty. Comm'rs*, 237 F. Supp. 2d 1204, 1244 (D. Kan. 2002) ("Plaintiff's complaints were generic complaints of unfairness and unlawfulness that were not tied to the ADA, either in terms of disability discrimination or a violation of the ADA.") Plaintiff simply refused Defendant's request. Therefore, Plaintiff's refusal does not constitute protected activity.

Plaintiff also alleges that he requested to return to work with accommodations after his medical leave. Requests for accommodation can constitute protected activity; however, such requests must be "sufficiently direct and specific, giving notice that [the employee] needs a special accommodation." *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1188 (10th Cir. 2016) (quoting *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 23 (1st Cir. 2004) (brackets in original). Plaintiff "must make clear that [he] wants assistance for his [] disability." *Id.* (citation omitted). As discussed previously, Plaintiff has not sufficiently alleged what reasonable accommodations were necessary for Plaintiff to return to work nor has Plaintiff alleged that he specifically requested a certain accommodation or informed Defendant of his limitations. Rather,

Plaintiff's allegations are conclusory as discussed herein. As such, Plaintiff has not sufficiently alleged that he engaged in protected activity.

Therefore, Defendant's motion to dismiss Plaintiff's ADA retaliation claim is granted.

**C. FMLA Interference Claim**

Defendant moves for dismissal of Plaintiff's claim of FMLA interference. To establish this claim, Plaintiff must show "(1) that []he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with [his] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of [his] FMLA rights." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (quoting *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005)). Defendant argues that Plaintiff has not sufficiently alleged that he was entitled to FMLA leave. Plaintiff has alleged that Defendant was an employer under the FMLA in that Defendant employed 50 or more employees. (Doc. 9 at 13.) Plaintiff further alleged that he "worked for Defendant for more than 12 months prior to July 2018 and worked for more than 1250 hours in the 12 months prior to July 2018." (Doc. 9 at 13.) This is sufficient to establish that Plaintiff was eligible for FMLA leave. *See Tate v. Farmland Indus., Inc.*, 268 F.3d 989, 996 (10th Cir. 2001). Plaintiff has further alleged that he had a medical condition and missed work for at least three consecutive days. This is sufficient to show that he had a serious medical need and was entitled to FMLA leave. 29 U.S.C. § 2612(a)(1)(D).

With respect to the second element, an adverse action, Plaintiff contends that Defendant failed to provide him the required notices under the FMLA; changed his job functions; and failed to grant him leave. (Doc. at 13-15.) To satisfy the adverse action element, the employee must show "that [he] was prevented from taking the full 12 weeks … of leave guaranteed by the FMLA, denied reinstatement following [FMLA] leave, or denied initial permission to take [FMLA] leave."

*Dalpiaz v. Carbon Cty., Utah*, 760 F.3d 1126, 1132 (10th Cir. 2014). "Thus, an interference claim arises when an adverse employment decision is made before the employee has been allowed to take FMLA leave or while the employee is still on FMLA leave." *Id.*

The alleged facts are that Defendant failed to give Plaintiff proper notice under the FMLA and its regulations. The Supreme Court made clear in *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002), that even if an employer violates FMLA provisions, the Act "provides no relief unless the employee has been prejudiced by the violation." Plaintiff has failed to allege any facts to show that had he received proper notice of all FMLA rules, requirements, and benefits, he would have invoked FMLA leave in a way that would have prevented his claimed loss or injury. *Cf. Ragsdale*, 535 U.S. at 91 (prejudice inquiry asks, "what steps the employee would have taken had circumstances been different—considering, for example, when the employee would have returned to work after taking leave"); *Vannoy v. Fed. Res. Bank of Richmond*, 827 F.3d 296, 302 (4th Cir. 2016) ("Prejudice may be gleaned from evidence that had the plaintiff received the required (but omitted) information regarding his FMLA rights, he would have structured his leave differently"). In his response, Plaintiff simply states that he was prejudiced because the failure to provide notices interfered with his rights. (Doc. 24 at 10.) This is not sufficient. *Ragsdale*, 535 U.S. at 89-91. Therefore, Plaintiff has not stated a claim of interference on the basis of a failure to provide notice.

Plaintiff also alleges that Defendant interfered with his rights under the FMLA by changing the essential functions of his job. (Doc. 24 at 10.) Plaintiff's amended complaint, however, is entirely conclusory as to these allegations. The entirety of the allegations regarding a change in job functions state that "Defendant changed the functions of Plaintiff's job" and that the "change in the functions of Plaintiff's job and employment" interfered with Plaintiff's rights under the

FMLA. (Doc. 9 at 6, 14.) Plaintiff makes no factual allegations regarding how Defendant changed his job functions and how this change prejudiced him. Because the facts regarding this claim are conclusory, Plaintiff has failed to state a claim of interference on this basis.

Plaintiff further argues that Defendant's failure to categorize his leave as FMLA leave was an adverse action under the FMLA. Plaintiff states that this prejudiced Plaintiff because it interfered with his right to return to work under the FMLA. (Doc. 24 at 11.) The FMLA provides that an employee must be restored to a former position or an equivalent one after leave. *See* 29 U.S.C. § 2614(a)(1). Defendant contends that Plaintiff does not have a right to return to work prior to receiving "proof from a doctor of the employee's health." (Doc. 28 at 7.) Plaintiff, however, has alleged that his physician released him to return to work. (Doc. 9 at 7.) Plaintiff has also alleged that Defendant refused Plaintiff's requests to return to work. At this stage of the proceeding, Plaintiff has sufficiently alleged that the failure to categorize Plaintiff's leave as FMLA leave prejudiced Plaintiff. Liberally construing Plaintiff's amended complaint, Plaintiff has also sufficiently alleged that this action was related to the attempted exercise of his rights.

Therefore, Plaintiff has stated a plausible claim of FMLA interference.

**D. FMLA Retaliation Claim**

Plaintiff also asserts a claim of FMLA retaliation. The elements for FMLA retaliation are the same as the elements for retaliation under the ADA: Plaintiff engaged in protected activity; Defendant took adverse action; and there is a causal connection. *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006). An FMLA retaliation claim is typically brought "when the employee successfully took FMLA leave, was restored to [his] prior employment status, and was adversely affected by an employment action based on incidents post-dating [his] return to work." *Dalpiaz*, 760 F.3d at 1132, n. 3 (quotation omitted).

Plaintiff contends that his retaliation claim survives because his protected activity is that he was eligible for FMLA leave. (Doc. 24 at 11.) This is not sufficient. The fact that an employee is entitled to FMLA leave does not amount to protected activity. *Skerce v. Torgeson Elec. Co.*, No. 2:18-CV-02040-HLT, 2019 WL 3801721, at *7 (D. Kan. Aug. 13, 2019). Plaintiff fails to allege any facts to support a finding that he engaged in protected activity related to FMLA leave. Therefore, Plaintiff has failed to state a claim of retaliation under FMLA.

### E. FLSA Claim

Defendant moves for dismissal of Plaintiff's claim under the FLSA on the basis that Plaintiff has failed to sufficiently allege that he is a non-exempt employee. Essentially, Defendant argues that Plaintiff is required to allege his job duties more specifically to show that he is non-exempt. Defendant, however, does not cite any authority for this assertion. Plaintiff has alleged that he is a non-exempt employee, did manual labor, routinely worked more than 40 hours a week, and was not paid overtime. This is sufficient to state a claim under the FLSA. *See Braun v. Superior Indus. Int'l, Inc.*, No. 09-2560-JWL, 2010 WL 11627398, at *3 (D. Kan. June 29, 2010) (citing *Hawkins v. Proctor Auto Serv. Center, LLC*, 2010 WL 1346416, at *1 (D. Md. Mar. 30, 2010) (where plaintiff alleged that he worked more than 40 hours per week without overtime compensation, allegations clearly satisfied *Iqbal*).

Defendant's motion to dismiss Plaintiff's FLSA claim is denied.

### IV. Conclusion

Defendant's motion to dismiss (Doc. 18) is DENIED IN PART AND GRANTED IN PART. Defendant's motion to dismiss Plaintiff's FMLA interference claim and FLSA claim is DENIED. Defendant's motion to dismiss is GRANTED as to Plaintiff's ADA claims and Plaintiff's claim of FLMA retaliation.

Plaintiff requests that he be allowed to amend his amended complaint if the court finds his allegations deficient. This court requires that a motion to amend be accompanied by a proposed amended complaint. D. Kan. R. 15.1. Plaintiff has not included a proposed amended complaint nor indicated what additional allegations would be included. If Plaintiff seeks to amend his amended complaint to cure the defects identified by this order, Plaintiff is granted leave to file a motion in accordance with this court's rules within 30 days.

IT IS SO ORDERED this 27th day of January, 2020.

\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE