## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSE DIAZ CERDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 - 1111 - JWB - JPO |
| | ) | |
| CILLESSEN & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MOTION TO STRIKE**

COMES NOW Defendant, Cillessen & Sons, Inc., by and through its attorney of record, Kevin M. McMaster of McMaster & McMaster, LLC, and requests that the correction sheet of the deposition of Plaintiff, Jose Diaz Cerda, be stricken because a substantial number of the corrections are material changes to the deponent's testimony and are therefore outside the scope of Fed.R.Civ.P. 30(e).

## **NATURE OF THE MATTER**

This action arises out of an employment relationship between Plaintiff, Jose Diaz Cerda (hereinafter "Diaz") and Defendant, Cillessen & Sons, Inc. (hereinafter "CSI"). Before Diaz terminated his employment with CSI he suffered a stroke and was hospitalized. Highly summarized, Diaz alleges that a short time after being released from the hospital, he should have been allowed to return to work. CSI contends that, as a result of the stroke, Diaz had cognitive problems that affected his ability to do his job. The problems included Diaz's ability to communicate (speak, read, and write). CSI refused to return Diaz to his position until he had been tested, treated, and obtained a release to return to work.

Diaz filed this action claiming violations of ADA, FMLA, and FLSA.  All but two of the five separate claims have been dismissed by the court for failure to state a claim.  (ECF 34)  The only remaining claims are a FMLA interference claim based upon the failure to return Diaz to work after presenting a valid medical release and a FLSA claim based upon failure to pay overtime.  *Id.*

## FACTS

1.      Diaz claims Spanish is his native language and that he is proficient at reading, writing, and speaking Spanish.  (Ex. A – Diaz depo. with corrections inserted p. 21:13 – 25 and p. 30:7 – 10.)

2.      Prior to Diaz's stroke CSI claims that Diaz could read, write, and speak English in a manner that allowed him to be employed at CSI as a Traffic Control Superintendent.  (Ex. A – Diaz depo. with corrections inserted p. 69:4 – 20 and p. 71:7 – 9.)

3.      Diaz admits that as a result of the stroke his ability to read, write, and speak English as been adversely affected.  (Ex. A – Diaz depo. with corrections inserted p. 43:8 – 19.

4.      Diaz and his counsel stated at the time of his deposition that he needed an interpreter.  Ex. A – Diaz depo. p. 21:13 – 22:14.)

5.      Diaz made corrections to his deposition on May 22, 2020.  (Ex. B – Correction Sheet.)

6.      Diaz materially changed his testimony.  Diaz depo. p. 18:1;  p. 20:18;  p. 21:9;  p. 24:10;  p. 29:12;  p. 35:14 – 15;  p. 35:22;  p. 36:22;  p. 37:1;  p. 37:5;  p. 38:2;  p. 39:12;  p. 56:10;  p. 57:11;  p. 58:11;  p. 62:1;  p. 62:7;  p. 81:16;  p. 82:15;  p. 82:17;  p. 63:24 – 25;  and, p. 122:10.  (Ex. A – Diaz depo with corrections inserted.)

7.      Instead of clarifying the answer the change made by Diaz would cause one to believe that Diaz's ability to communicate is materially better.  Diaz depo. p.20:21; p. 28:6 – 7; p. 38:8;  p. 39:24;  p. 92:11 – 12;  and, p. 103:3.  (Ex. A – Diaz depo with corrections inserted.)

8.      Instead of clarifying the answer the change made by Diaz would cause one to believe that Diaz's memory is better.  Diaz depo. p. 27:16.  (Ex. A – Diaz depo with corrections inserted.)

9.      Diaz was given the opportunity to review the standard applicable to correcting depositions and retract the material changes.  (Ex. C – email.)

## QUESTION PRESENTED

Whether Diaz should be allowed to correct his deposition to materially change answers that would support arguments to oppose summary judgment?

## ARGUMENTS AND AUTHORITIES

The legal standards applicable to corrections to a deposition were recently set out by United States Magistrate Judge Kenneth G. Gale in *Finke v. Ensign Group, et al.*, Case No. 19-2056, ECF 68.

> Federal Rule of Civil Procedure 30(e) governs witness changes to deposition transcripts. The rule provides, in relevant part, that

> [o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

> (A) to review the transcript or recording; and

> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed.R.Civ.P. 30(e).

> This District Court defines Rule 30(e) as "limiting the scope of changes permitted" under the federal rules to the correction of transcription errors.

*Summerhouse v. HCA Health Services of Kansas*, 216 F.R.D. 502, at 504-05 (D. Kan. 2003) (internal citations omitted). Thus, this view "does not authorize changes because the deponent lied, misspoke, or otherwise wants to change or clarify his testimony." Id.

This District further explains the purpose and scope of Rule 30(e) in the case of Cargill Meat *Solutions Corp. v. Premium Beef Feeders, LLC*:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported 'yes' but I said 'no,' or a formal error, i.e., he reported the name to be 'Lawrence Smith' but the proper name is 'Laurence Smith,' then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

No. 13-11168-EFM-TJJ, 2015 WL 5821696, at *1 (D. Kan. Oct. 5, 2015) (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002).

*Id*.

In this case it is clear that the changes are only for the purpose of clarification.

Therefore the requested changes are not allowable if they materially change Diaz's

testimony.  Judge Gale set out the how the issue is to be examined.

The 10th Circuit lays out the framework to be used when examining whether a material change is permitted.

> If a change is material, which is defined as one that bears on an essential element of a claim or defense, whether it is permitted under Rule 30(e) is determined by examining the following factors, known as 'the Burns rule': (1) whether the deponent was cross-examined at the deposition; (2) whether the corrections were based on newly discovered evidence; and (3) whether the deponent's deposition testimony reflects obvious confusion, as opposed to indecisiveness or inconsistency, which necessitates a correction to clarify.

*Burns v. Board of Cty. Comm'rs of Jackson Cty*, 330 F.3d 1275, 1282 (10th Cir. 2003).

*Id*.

Diaz has set out thirty separate corrections to his deposition.  The reason given for nineteen is "[c]larification of interpretation" and the reason for the other eleven is "[c]larification."  Diaz's counsel cross-examined his own counsel and did not materially address the matters that have been corrected.  The correction sheet does not set out that any of the items were incorrectly transcribed by the Court reporter.  The correction sheet does not set out that any of the items were based on newly discovered evidence.  The questions, answers, and corrections are not obvious examples of confusion on the part of Diaz, which could necessitate clarification. Instead, Diaz's counsel would interrupt, make speaking objections, and otherwise prevent CSI's counsel from follow up questions that could clarify what may now be labeled confusion.  See ECF 55.

Of the thirty corrections twenty-two materially change the answer.  Excellent examples are:

   a.  Diaz responds to a question about what he remembers.  The reasonable understanding of Diaz's answer is (no I don't remember being told).  The reasonable understanding after the change is an affirmative statement that the act did not take place.  Diaz depo. p. 24:6 – 10.

   b.  Diaz admits that his supervisor at CSI is a friend and then changes his answer to he is only an acquaintance.  Diaz depo. p. 29:2 – 12.

   c.  Diaz admits that he does not remember telling Paula Cillessen that he did not want her to go to a doctor's appointment with him to he did tell her that he did not want her present.  Diaz depo. p. 36:18 – 22 and p. 37:2 – 5.

   d.   Diaz claims he was examined by a third doctor after he was released from the hospital and obtained a release to return to work.  Diaz admits that instead of giving

the release to anyone at CSI he terminates his employment then changes his answer to state that the release was given to someone at CSI.  Diaz depo. p. 38:4 – 40:13.

e.   Diaz admits the he was involved in the employee grievance process and then changes his answer to it never happened.  Diaz depo. p. 82:13 – 15.

f.   Diaz admits that his attorney's statement is not correct and then changes his answer to confirm the statement is correct.  Diaz depo. p. 122:3 – 10.

The seven changes that are identified as supporting Diaz's ability to communicate and Diaz's memory being better constitute material changes.  See Facts herein, ¶s 7 and 8.  They are material because at issue in this case if Diaz's ability to perform the same job duties for CSI after his stroke.  The seven unchanged answers clearly show that Diaz has problems communicating in Spanish and has a very poor memory.

Thirteen of the changes are both material and would have resulted in follow up questions. The changes and follow up inquire are as follows:

a.   Diaz depo. p. 20:18 [What do you mean "Lead"?  Differentiate the words "leader … supervisor … etc." from lead.];

b.   Diaz depo. p. 29:12 [If you have known Barrera your entire life why do you only call him an acquaintance?  How often do you see him outside of work?  Other follow up questions.];

c.   Diaz depo. p. 35:14 – 24 [Do you agree that you did not tell anyone that you did not want Paula Cillessen at your doctor appointments until after she was at the appointment with Dr. Hassan?  Do you agree that Paula Cillessen did not go to any doctor appointments after your visit with Dr. Hassan?];

d. Diaz depo. p. 35:14 – 24 [Do you agree that you did not tell anyone that you did not want Paula Cillessen at your doctor appointments until after she was at the appointment with Dr. Hassan?  Do you agree that Paula Cillessen did not go to any doctor appointments after your visit with Dr. Hassan?];

e. Diaz depo. p. 35:14 – 24 [Do you agree that you did not tell anyone that you did not want Paula Cillessen at your doctor appointments until after she was at the appointment with Dr. Hassan?  Do you agree that Paula Cillessen did not go to any doctor appointments after your visit with Dr. Hassan?];

f. Diaz depo. p. 36:22 [Who, what, when, where, why, and how?];  p. 37:5 [[Who, what, when, where, why, and how?];

g. Diaz depo. p. 38:2 [Why would you expect Cillessen to give you a release to return to work?];

h. Diaz depo. p. 39:12 [[Who, what, when, where, why, and how?];

i. Diaz depo. p. 41:22 [How long where you at Dr. Hassan's office before Paula Cillessen showed up?];

j. Diaz depo. p. 56:10 [What do you mean "Lead"?  Differentiate the words "leader … supervisor … etc." from lead.];

k. Diaz depo. p. 58:11 [What do you mean "Lead"?  Differentiate the words "leader … supervisor … etc." from lead.];

l. Diaz depo. p. 62:1 [What do you mean "Lead"?  Differentiate the words "leader … supervisor … etc." from lead.];  and,

m. Diaz depo. p. 62:7 [What do you mean "Lead"?  Differentiate the words "leader … supervisor … etc." from lead.].

(Ex. A – Diaz depo with corrections inserted.)

The material changes are significant for two reasons.  First, the changes are clear and oblivious.  Second, the changes are necessary if Diaz is going to have any hope of surviving summary judgment.

Given the applicable legal standard it is clear the corrections set out by CSI constitute Diaz attempting to rewrite portions of his deposition.  Affirmative or negative responses were changed to the opposite.  Admissions were changed to denials.  Information communicated was materially changed.  Nonresponsive answers were made responsive and responsive answers were made nonresponsive, yet coherent.  It is improper for a witness to be allowed to "rewrite portions of a deposition …" *Rios v. Welch*, 856 F.Supp. 1499, 1502 (D. Kan. 1994), aff'd 67 F.3d 1543 (10th Cir. 1995).

In light of the fact that Diaz was given the opportunity to review the applicable law and retract the material changes it is clear his actions are intentional.  Because of the intentional and material nature of the corrections all thirty corrections should be found to be "intended material changes" and stricken.  Plaintiff's actions are for the improper purpose of harassment, delay, and the needless increase in the cost of litigation.  See Fed.R.Civ.P. 11(b)(1).

## **CONCLUSION**

Based upon the conduct of Plaintiff and Plaintiff's counsel set out in this motion together with the conduct at the depositions set out in CSI's Motion for Sanctions (ECF 55) the imposition of sanctions is appropriate.  Fed.R.Civ.P. 11(c).  The sanctions requested are reasonable expenses including attorney fees for the research and drafting of this motion (6.3 x 300 = $1,860.00) together with any reply and oral argument.  Fed.R.Civ.P. 11(c)(2).  In an effort to deter repetition of this conduct or comparable conduct CSI also requests an order requiring

Plaintiff and Plaintiff's counsel to hire an attorney, approved by this Court, to oversee and approve the actions of Plaintiff and Plaintiff's current counsel in this action.  Fed.R.Civ.P. 11(c)(4).

WHEREFORE, on the basis of the arguments and authorities set forth herein, CSI requests that the Court strike Plaintiff's corrections to his deposition testimony and grant the requested sanctions.

Respectfully submitted,

s/ Kevin M. McMaster
Kevin M. McMaster, #11903
 *Attorneys for Defendant*
MCMASTER & MCMASTER LLC
P.O. Box 2684
Wichita, Kansas 67201-2684
(316) 263-4281
kmm@mcmasterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Trinidad Galdean, Esq.
Galdean, LLC
P.O. Box 780076
Wichita, Kansas  67278
 *Attorney for Plaintiff*

 /s/ Kevin M. McMaster
Kevin M. McMaster