IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSE DIAZ CERDA<br><br>Plaintiff,<br>v.<br><br>CILLESSEN & SONS, INC.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case 6:19-cv-01111-JWB-JPO |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, the Plaintiff, Jose Diaz Cerda, by and through his attorney, Trinidad Galdean of Galdean LLC, pursuant to the Court's Amended Trial Scheduling Order (Doc. 95) and files these Objections to the Defendant's Exhibit disclosures. As identified below, Plaintiff objects to Defendant's Exhibits 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, and 15.

1. **Objection for Failure to Produce in Discovery, the following Defendant's Exhibits:**

- Exhibit 3, Daily Reports
- Exhibit 4, CSI 360 Review
- Exhibit 5, 2017 Handwritten timecards
- Exhibit 6, 2018 Handwritten timecards
- Exhibit 7, Burns & McDonnel Safety Reports
- Exhibit 8, Obituary Jesus Fernandez
- Exhibit 11, Employment Records C-Hawk
- Exhibit 12, Employment Records Mahaney Group
- Exhibit 13, Employment Records Road Safe
- Exhibit 14, 29 CFR §541.100(a)(1)-(4)
- Exhibit 15, 29 CFR §541.106.

As identified in the attached Exhibit A, Defendant failed to produce and identify these Exhibits in disclosures. Plaintiff objects to the Exhibits based on Defendant's failure to produce in discovery. *see*, *EEOC v. Kentucky State Police Department*, 80 F.3d 1086 (6th Cir. 1996).

The Court ordered completion of discovery on July 21, 2020 (see, Doc. 54). Under the Court's Scheduling Order (see, Doc. 17) this Court stated,

> *"Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)1)."*

The Defendant never identified the documents listed above in any prior Disclosures. (See, Ex. A). While it identified "Reports – Time 2018; pages 1-25," these documents were only for 2018 and are not "timecards." Additionally, as to Defendant's Exhibit 3 "Daily Report", Defendant only identified and produced "Reports – Daily 2018, pages 1-20" but nothing prior to 2018. Defendant also never supplemented any Disclosures with these Exhibits.

Plaintiff objects to theses exhibits now being produced and used in trial on the basis of such being a surprise to the Plaintiff and on Defendant's failure to comply with the Court's orders on discovery and disclosures.

Plaintiff further objects to Exhibits 7, 11, 12, and 13, in that none of these entities have been listed as witnesses by Defendant in discovery nor Disclosures. Thus, for such reason the Exhibits should be excluded as surprise to the Plaintiff and this Court.

**2. <u>Hearsay Objection and Failure to Identify - Exhibit 2</u>**

Plaintiff objects to Defendant's Exhibit 2, ATSSA Certification Traffic Control Supervisor as hearsay. *see,* Fed. R. Evid. 803. The Certification is not prepared by either Plaintiff nor Defendant. The Certification references completion of "all the requirements of the American Traffic Safety Services Association Certification Program" without any information or background

on such program and certification. The Certification further references the individual "is fully entitled to all the rights and privileges associated with this designation" without identifying such rights and privilege. The Certification is complete hearsay without proof of it being true and correct plus without any confirmation of the statements asserted by the Association in the Certificate.

Plaintiff further objects in that Plaintiff failed to list as a witness the entity "ATSSA" nor its related complete name as required by the Court's discovery and Disclosure requirements.

**3. <u>Hearsay Objection and Prejudicial Objection – Exhibit 8</u>**

Plaintiff objects to Defendant's Exhibit 8, Obituary Jesus Fernandez, as hearsay. *see*, Fed. R. Evid. 803. The obituary references an individual never listed by any Party as a witness. There is no indication as to the truth of the matter asserted in the Obituary.

Pursuant to Fed. R. Evid 403, Plaintiff objects that Exhibit 8's prejudicial impact outweighs any probative value. As identified above, Jesus Fernandez has never been listed as a witness so there is no probative value to the evidence. Additionally, indication exists the death perhaps occurred after Plaintiff's employment with Defendant. Thus, this Exhibit is prejudicial as an attempt to garner the Jury's sympathy towards any witness.

**4. <u>Hearsay Objection, Irrelevant Objection, and Prejudicial Objection – Exhibits 11, 12, and 13.</u>**

Plaintiff objects to Defendant's Exhibits 11, 12, and 13 as hearsay. *see*, Fed. R. Evid. 803. While these full Employment Records have not been listed nor produced in discovery as required by Court, the records have not been identified as authenticated to overcome the hearsay objection. Additionally, Defendant has not supplied any authentication of the records prior to the close of discovery to allow Plaintiff to question such records.

Plaintiff further objects to Exhibits 11, 12, and 13 as irrelevant to the issues before the Court. *see*, Fed. R. Evid. 401. Specifically, the current issue at the trial relates to Defendant's

failure to pay wages and overtime to the Plaintiff during his employment. Any employment records prior to or after Plaintiff's employment with Defendant are irrelevant to such wages owed by the Defendant under the FLSA.

Plaintiff further objects to Exhibits 11, 12, and 13 as having a prejudicial impact that outweighs any probative value. *see,* Fed. R. Evid. 403. As identified above, the employment records do not address the wages payment or failure to pay overtime specific to the Defendant. Rather, such records only relate to any post-employment by the Plaintiff after the Defendant. Thus, these records are prejudicial to any award of Plaintiff's damages.

**5. <u>Hearsay Objection, Foundation Objection, Speculation Objection, and Prejudicial Objection – Exhibit 7.</u>**

Plaintiff objects to Defendant's Exhibits 7, Burns & McDonnel Safety Reports as hearsay. see, Fed. R. Evid. 803. While these full Reports have not been listed nor produced in discovery as required by the Court's Order and discovery rules, the Reports have not been identified as authenticated to overcome the hearsay objection. Additionally, Defendant has not supplied any authentication of the records prior to the close of discovery to allow Plaintiff to question such records.

The nature of Exhibit 7 Safety Reports by a previously unidentified entity raises the issue on speculation as the needs or reason such entity requires such Reports. Similarly, the Safety Reports lack any foundation as to the nature of the documents with the entity.

Plaintiff further objects to Exhibit 7 as having a prejudicial impact that outweighs any probative value. *see,* Fed. R. Evid. 403. Specifically, such records reference Safety Reports of an entity not a part of the lawsuit, thus having a prejudicial effect of Plaintiff working with another entity besides the Defendant during the timeframe in question.

**6. Objection to Completeness and Confusion/Misleading Objection – Exhibits 14 and 15.**

While Plaintiff above objects to Exhibits 14 and 15 as never been listed by Defendant in discovery nor disclosure, Plaintiff further objects to Exhibits 14 and 15 under the rule of Completeness. *see*, Fed. R. Evid. 106. The regulation, 29 C.F.R. §541, includes only 6 sections which each rely on and incorporate each other. Thus, all these complete regulations of this section should be considered at the same time on the basis of fairness. Additionally, the failing to supply such complete and inter-related regulations would mislead any juror.

**WHEREFORE,** Plaintiff request that Court sustain its objections to Defendant's Exhibits 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, and 15.

Respectfully submitted,

By: /s/Trinidad Galdean .
Trinidad Galdean #22973
GALDEAN, LLC
PO Box 780076
Wichita, KS 67278
(316) 252-1232 Phone
(316) 462-0987 Fax
trinidad@galdean.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and e-mailed the document to Defendants at the following:

Kevin M. McMaster
McMaster & McMaster LLC
PO Box 2684
Wichita, KS 67201-2684
kmm@mcmasterlaw.com

Ashley E. Dillon, KS #26292
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
ashley.dillon@stinson.com

By: /s/Trinidad Galdean .

Trinidad Galdean #22973
GALDEAN, LLC
PO Box 780076
Wichita, KS 67278
(316) 252-1232 Phone
(316) 462-0987 Fax
trinidad@galdean.com

*Attorney for Plaintiff*